IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NEDRA C. HARRIS                                                                          PLAINTIFF

vs.                                    Civil No. 4:16-cv-04121

NANCY BERRYHILL                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Nedra C. Harris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed on October 27, 2011. (Tr. 299-308). Plaintiff alleged she was disabled due to nerve damage, brain contusion, cervical disc disease, sleep apnea, high blood pressure, obesity, lumbago, and depression. (Tr. 364). Plaintiff alleged an onset date of May 26, 2011. (Tr. 13). These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 188-194). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 204).

Plaintiff's initial hearing was November 8, 2012 which resulted in an unfavorable decision entered by the ALJ on October 2, 2014. (Tr. 127-153, 161-182). Plaintiff subsequently requested review by the Appeals Council which remanded the claim January 5, 2015. (Tr. 183-187).

Plaintiff's second administrative hearing was held on July 14, 2015. (Tr. 87-126). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-two (42) years old with a high school education and vocational training as a licensed practical nurse. (Tr. 92-93).

On October 8, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 13-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 26, 2011, her alleged onset date. (Tr. 16, Finding 2).

The ALJ determined Plaintiff had the severe impairment of morbid obesity, minimal cervical spondylosis, lumbar spondylosis, depression, and anxiety. (Tr. 16, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her

2

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC as follows:

> to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She has no limits in her ability to push and/or pull within the weight limits for lifting and carrying. She can frequently climb ramps, stairs, ladders, ropes and scaffolds and frequently balance. She can occasionally stoop, kneel, crouch and crawl. She is limited to simple, routine tasks and simple work-related decisions. She is limited to the performance of tasks where interpersonal contact is incidental to the work performed, e.g. assembly work.

(Tr. 37, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as housekeeper with 877,000 such jobs in the nation, mail sorter with 116,000 such jobs in the nation, assembler with 250,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 26, 2011, through the date of the decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On December 20, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 21, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) failing to consider her impairments in combination with others, (C) in the weight given the opinions of Plaintiff's physicians, and (D) in the RFC determination. ECF No. 11, Pgs. 2-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included morbid obesity, minimal cervical spondylosis, lumbar spondylosis, depression, and anxiety. (Tr. 16, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she specifically meets Listing 12.04 for Affective Disorders and 12.06 for Anxiety-related Disorders. ECF No. 11, Pg. 2-17. To be disabled under these Listings, the requirements of both subsection A and B of the Listings in question must be met. 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04, 12.06. In this matter, the ALJ correctly determined Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment. (Tr. 17-18). The "B" criteria require at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B), 12.06(B).

In this matter, the ALJ properly determined Plaintiff had mild limitations to her daily activities, and moderate limitations in social functioning and ability to maintain concentration, persistence, and pace. (Tr. 17). Substantial evidence also supports the ALJ's finding that Plaintiff experienced no episodes of deterioration. *Id*.

The ALJ's findings are supported by the record of Dr. Brad Williams. On February 28, 2012,

Dr. Williams reviewed Plaintiff's medical records, assessed Plaintiff with an affective disorder (depressive syndrome), and indicated Plaintiff's mental impairment caused mild limitations in activities of daily living and social functioning, moderate limitations in concentration, persistence, or pace, and no episodes of decompensation. (Tr. 593).

The ALJ also properly found Plaintiff failed to establish the presence of the "C" criteria of Listing 12.04. (Tr. 17). The "C" criteria under Listing 12.04 require the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).

There was no medical evidence in the record showing Plaintiff had repeated episodes of decompensation; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

7

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider her impairments in combination with others. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 16, Finding 4) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform light work with some limitations. (Tr. 18, Finding 5). The ALJ went on to state Plaintiff's RFC would not preclude her from performing other work that exists in significant numbers in the national economy. (Tr. 22, Finding 10).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly

8

considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of some of Plaintiff's medical providers. ECF No. 11, Pgs. 11-17. However, Plaintiff's argument is without merit.

To begin with, some of the records relied upon by Plaintiff were "checklist" or "fill-in-the-blank" reports. Such reports have little evidentiary value. *See Anderson v. Astrue*, 696 F.3d 790 (8th Cir. 2012). The ALJ also discussed and provided reasons for his discounting of opinions from Dr.

9

Oladele Adeboqun and Dr. Cori Dyson. (Tr. 20). Those included reliance on subjective complaints and providing opinions outside their area of expertise. *Id*. The ALJ also discounted the opinions of Mr. Steele because he is not an acceptable medical source. (Tr. 20). The regulations provide that medical opinions are statements from physicians and psychologists or other "acceptable medical sources." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

The ALJ committed no error in his treatment of medical opinions from Plaintiff's physicians and medical providers.

### **D. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,*

228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday; no limits in her ability to push or pull within the weight limits for lifting and carrying; can frequently climb ramps, stairs, ladders, ropes and scaffolds and frequently balance; can occasionally stoop, kneel, crouch and crawl; is limited to simple, routine tasks and simple work-related decisions; and is limited to the performance of tasks where interpersonal contact is incidental to the work performed. (Tr. 37, Finding 5). Substantial evidence supports the ALJ's RFC determination.

Plaintiff argues the ALJ erred in this RFC determination because of the combination of her impairments. ECF No. 11, Pgs. 18-19. Plaintiff's initial argument is the ALJ erred in the RFC because her ability to stand and walk is more limited than the ALJ acknowledged because she uses a cane for walking. ECF No. 11, Pg. 18. However, the medical evidence does not support this argument. On July 18, 2014, Plaintiff was seen at University of Arkansas For Medical Sciences. ("UAMS"). (Tr. 918-924). According to the exam, Plaintiff had full (5/5) strength of both her legs and normal reflexes. (Tr. 920). Plaintiff returned to UAMS on November 21, 2014 and there was no swelling or significant pain in her legs, and she was advised her to continue walking and avoid sitting/sedentary activity. (Tr. 946). Also, UAMS records from June 15, 2016, show that while Plaintiff was walking with a cane, she was able to walk without a cane, but it felt unsteady. (Tr. 44). Additionally, Plaintiff's gait and station were normal. *Id.*

Plaintiff also argues the RFC is flawed based on her medication side effects. ECF No. 11, Pg. 18. However, treatment records do not show significant side effects from medications. Records form Dr. Jacob Abraham indicate Plaintiff denied any side effects from medications. (Tr. 986, 992,

1013, 1060). Also, records from SW Arkansas Counseling & Mental Health Center and UAMS show Plaintiff had no side effects from her medications. (Tr. 965, 1030).

Finally, Plaintiff argues her mental impairments interfere with her ability to perform light work. ECF No. 11, Pg. 19. In making this argument, Plaintiff relies on opinions from Dr. Oladele Adeboqun and Dr. Cori Dyson. *Id.* However, as discussed above, the ALJ provided reasons for the discounting of opinions from these medical providers. (Tr. 20). Finally, the evidence supports the ALJ's mental RFC assessment.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of December 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE